**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Cr.A. No.: 1309010262 |
| | ) | |
| | ) | |
| MICHAEL W. ZAPPA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: February 24, 2016
Decided: April 8, 2016

Katherine Butler, Esquire
Department of Justice
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Louis B. Ferrara, Esquire
Ferrara & Haley
1716 Wawaset Street
Wilmington, DE 19806
*Attorney for Defendant*

### ORDER ON DEFENDANT'S MOTION FOR A MISTRIAL

**COMES NOW, this 8th day of April 2016, the Court finds as follows:**

1.  On September 14, 2013, Michael Zappa ("Defendant") was arrested and charged with Driving Under the Influence of Alcohol ("DUI"), in violation of 21 *Del. C.* § 4177.

2.  On December 15, 2015 and January 29, 2016, the Court held a suppression hearing to determine the legality of the stop and arrest.

3.  During the hearing, the Court heard testimony from Corporal Megan Hazzard ("Corporal Hazzard"), Trooper Christopher A. Jewel ("Trooper Jewel"), Corporal Heidi Carroll ("Corporal Carroll"), and Trooper Jenny Gliem ("Trooper Gliem") (collectively, the "Troopers"), each of whom were involved in either the traffic stop or subsequent arrest of

Defendant. The Troopers testified about their training, their observations and interaction with Defendant, and their opinion as to whether Defendant was intoxicated on the night in question. The Court also received a copy of Corporal Hazzard's Motor Vehicle Recording ("MVR"), which captured Defendant's behavior during the stop.

4.    The Court also heard testimony from Defendant.  On direct examination, Defendant testified, *inter alia*, that he suffers from panic attacks and post-traumatic stress disorder ("PTSD"), as a result of serving two tours of duty in Afghanistan.  He further testified that he was not driving under the influence, and that his actions on the night in question were attributable to these medical conditions.  On cross-examination, the State asked "And in fact, later on that evening, you blew into an Intoxilyzer machine?"  After Defendant responded affirmatively, the State attempted to ask about the reading on the test.[1]   Defense counsel objected to that line of questioning, and moved for a mistrial (the "Motion").  In response, the State argued that its line of questioning would elicit proper impeachment testimony from Defendant.  The State also argued that under the rules of evidence, it was proper to ask whether Defendant knew that he showed signs of impairment.  Ultimately, the Court reserved its decision on the Motion, and ordered briefing on whether, at the suppression stage of a DUI hearing, the State can elicit testimony from a defendant regarding the results of the Intoxilyzer test, for purposes of impeachment.

5.    On February 4, 2016, the State filed its submission with the Court, and provided three reasons as to why the Court should not grant the Motion.  First, the State argues that, at the suppression stage of the proceeding, a mistrial is not a procedurally appropriate remedy.  The State contends that a mistrial is only an appropriate remedy when the trier-of-fact has heard

---

[1] The actual reading on the Intoxilyzer was never published to the Court.

2

inadmissible testimony during trial that extremely prejudices the defendant and "'no meaningful and practical alternatives' exist."[2] Instead, the State contends that the Court should treat Defendant's Motion as an objection to the State's line of questioning, and allow the State to continue its cross-examination of Defendant. Second, the State argues that its line of questioning was proper because it was attempting to challenge Defendant's credibility. The State contends that while ordinarily the Intoxilyzer results are inadmissible at this stage of the proceedings, the results are relevant to challenge the truthfulness of Defendant's testimony, and thus, may be used on cross-examination. Finally, the State argues that even if the Court determines that the State's line of questioning is improper, the Court should simply disregard the State's question. Therefore, the State requests that the Court deny the Motion and allow the suppression hearing to continue.

6. On February 24, 2016, Defendant filed a reply to the State's submission. Defendant argues that the State's line of questioning was improper because at the suppression stage of the proceeding, the State was not permitted to proffer any testimony concerning the chemical testing of Defendant. He also claims that the State's efforts in continuing its line of questioning without correcting this error, despite Defendant's objections and the Court's caution, demonstrated a disregard for the Court's Rules of Procedure. Defendant argues that the State's attempt to question him about the intoxilyzer reading, coupled with what he deems to be prior discovery violations, warrants sanctions, which he contends should be in the form of a mistrial.[3]

7. The Court finds that Defendant's Motion for a Mistrial is procedurally misplaced. On a non-jury DUI Calendar, this Court hears suppression motions immediately prior to trial. If the Court finds that reasonable articulable suspicion and probable cause existed, then following

---

[2] State's Br. p. 2 (quoting *Brown v. State*, 897 A.2d 748, 752 (Del. 2006)).
[3] In his briefing, Defendant argues that a more appropriate sanction would be a dismissal of all pending charges.

the hearing on the motion, the State moves all non-hearsay testimony into evidence and proceeds to trial. In this case, the Court finds that declaring a mistrial would be improper, because this matter is still at the suppression stage and has not yet moved forward to trial. Therefore, the Court denies Defendant's Motion and will address Defendant's initial objection to the State's attempted question.

8.      The question attempted by the State regarding Defendant's performance on the Intoxilyzer test was improper, albeit on cross-examination for purposes of impeachment, because Defendant is not in the position to determine whether his performance on the Intoxilyzer test satisfied the legal meaning of impairment under 21 *Del. C.* § 4177. Although Defendant may have opened the door to challenge his credibility, the State's attempted question was improper. However, there are other appropriate questions the State could have asked to properly elicit impeachment testimony.[4] Thus, the Court finds that the State's attempted question was improper, and sustains Defendant's objection. The Court will proceed with the remainder of the suppression hearing.

**IT IS SO ORDERED THIS 8th day of April, 2016.**

Sheldon K. Rennie,
Judge

---

[4] Indeed, defense counsel conceded at the suppression hearing that if the State had asked "[W]hether Defendant was aware that there was a reading or chemical test indicating the presence of alcohol in his system," then there would be no basis for an objection. Suppression Hearing at 2:04:14–16, State v. Zappa, Cr. A. No. 1309010262 (Jan. 29, 2016).